HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED NATURAL FOODS,
INCORPORATED,

      Plaintiff,

    v.

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCAL 117 & LOCAL 313,

      Defendants.

Case No. 2:19-cv-01736-RAJ

ORDER DENYING MOTION FOR
TEMPORARY STAY PENDING
RESOLUTION OF NLRB CHARGE

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Temporary Stay Pending Resolution of NLRB Charge. Dkt. # 24. On October 28, 2019, Plaintiff United Natural Foods, Incorporated ("UNFI") filed an action in this Court against Defendant International Brotherhood of Teamsters Local 117 and Local 313 (collectively, the "Unions") to vacate an arbitration award ("Award") granted to the Unions weeks earlier. Dkt. # 1. That same day, UNFI also filed an unfair labor practice charge with the National Labor Relations Board ("NLRB"), alleging that the Award violates the National Labor Relations Act ("NLRA"). Dkt. # 8. The Unions denied the allegations and counterclaimed under the Labor Management Relations Act ("LMRA"), seeking to confirm and enforce the Award and obtain relief from UNFI's alleged breach of certain collective bargaining agreements. Dkt. # 28 at 2. On January 24, 2020, UNFI filed the instant motion. Dkt. # 24.

ORDER – 1

Based on a review of the record, the Court **DENIES** the motion.

## II.  BACKGROUND

In October 2018, UNFI, a national wholesale grocery distribution company, acquired SuperValu, Inc. and became party to collective bargaining agreements ("CBAs") with Local 313 and Local 117, which represent employees in UNFI's facility in Tacoma, Washington.  Dkt. # 1 at 4.  In February 2019, UNFI announced that it would consolidate its Tacoma, Washington, and Portland, Oregon, facilities and replace them with a new distribution center in Centralia, Washington.  The Tacoma and Portland facilities[1] would be closed with the opening of the Centralia facility, which would employ approximately 500 workers, according to UNFI.  Dkt. # 1-1 at 5.

In March 2019, the Unions filed grievances against UNFI claiming that it violated the CBAs by failing to apply a movement-of-facility provision.  *Id.* at 4, 6.  According to the Unions, under Section 1.01.2, "Movement of Existing Facility," of the CBAs, the Tacoma facility employees should "be afforded the opportunity to work at the new facility under the same terms and conditions and without any loss of seniority or other contractual rights or benefits" following the move of a facility.  *Id.* at 8.  UNFI responded that this provision does not apply to the move to Centralia, and the parties agreed to arbitrate the dispute.  Dkt. # 1 at 6.

At arbitration, the Unions focused on terms of the contract, specifically contractual rights granted to employees under Section 1.01.2.  Dkt # 1-1 at 10.  In response, UNFI offered a different interpretation of the contract, maintaining that Section 1.01.2 only applied to "the relocation of a single facility, not the consolidation of two or more facilities." *Id.* at 14.  UNFI also contended that this case is "a representation case subject to NLRB jurisdiction disguised as a grievance." *Id.* at 10.

The arbitrator, acting under the terms of the CBAs, limited the scope of the

---

[1] The employees at the Portland facility are represented by different unions and are not parties in this matter.  Dkt. # 1.

ORDER – 2

1 arbitration to contract interpretation and declined to address UNFI's argument that this
2 was a representation case "disguised as a grievance." Dkt # 1-1 at 11. The Unions, he
3 reasoned, did not demand recognition as the exclusive bargaining representative of any
4 employees at the Centralia facility. In the end, he concluded that Section 1.01.2 applied
5 to the Tacoma facility employees and that UNFI violated the CBAs when it denied them
6 the opportunity to work at the Centralia facility under the same terms and conditions
7 without any loss of seniority or other contractual rights or benefits. *Id.* at 19.

UNFI then filed an action in this Court to vacate the Award. Dkt. # 24. UNFI also filed an unfair labor practice charge with the NLRB, claiming that the Unions were violating the NLRA by (1) coercing employees at the Centralia facility to be represented by the Unions; (2) attempting to cause UNFI to discriminate against employees in Centralia; and (3) seeking to bargain with UNFI when a majority of employees at Centralia have not designated these unions to represent them. *Id.* at 11. Later, UNFI moved to stay this Court's proceedings pending resolution of the NLRB charge.

### III.  DISCUSSION

This Court derives authority to hear "[s]uits for violation of contracts between an employer and a labor organization representing employees" from Section 301 of the Labor Management Relations Act. 29 U.S.C. § 185(a). The NLRB has "primary jurisdiction . . . only [in] cases involving representational issues." *Cent. Valley Typographical Union No. 46 v. McClatchy Newspapers*, 762 F.2d 741, 747 (9th Cir. 1985), *abrogated on other grounds*. The NLRB "has no jurisdiction to consider cases arising from the breach of a current collective bargaining agreement." *La Mirada Trucking, Inc. v. Teamsters Local Union 166, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 538 F.2d 286, 288 (9th Cir. 1976). "When a labor dispute involves both a breach of contract and an unfair labor practice charge, the NLRB and the courts have concurrent jurisdiction." *Sheet Metal Workers Int'l Ass'n, Local No. 162 v. Jason Mfg., Inc.*, 900 F.2d 1392, 1400 (9th Cir. 1990).

ORDER – 3

The Ninth Circuit has held that "federal courts must tread lightly in areas of the NLRB's primary jurisdiction and must defer to the NLRB when, on close examination, section 301 cases fall within the NLRB's primary jurisdiction." *Serv. Employees Int'l Union v. St. Vincent Med. Ctr.*, 344 F.3d 977, 983 (9th Cir. 2003) (internal quotations and citation omitted). Indeed, a stay "often will be required" when a "contractual interpretation issue is closely related to an unfair labor practice charge . . . already presented to the NLRB." 762 F.2d at 747. That is not the case here.

Whether Section 1.01.2 applies under the current circumstances is a contractual matter over which the Court has primary jurisdiction. Further, as noted by the Unions (Dkt. # 31), the Court may determine the contractual rights of covered Tacoma facility employees without treading on the NLRB's resolution of representational issues at the Centralia facility. Indeed, the Unions have made no attempt to represent any employees at the Centralia facility. The Unions have argued only that a term within CBAs—to which UNFI and the Tacoma facility employees are parties—provides an explicit extension of contractual rights to covered Tacoma facility employees who move to another location. Thus, the NLRB's resolution of the representational issues of Centralia employees will not be preclusive of this Court's decision with respect to the contractual rights of the Tacoma employees.

Beyond questions of primary jurisdiction and issue preclusion, the Court must consider the equities of granting a stay. *See McClatchy*, 762 F.2d at 748. While UNFI has extended "unconditional" offers of employment at the Centralia facility to all Tacoma employees potentially covered by the Award, Dkt. # 24 at 4, these offers include lower wages and fewer benefits than the employees had previously received, pending resolution of this matter. As noted by the Unions, resolution here is "critical" to the covered employees in deciding whether to accept a lower paying job with UNFI or seek employment elsewhere. Dkt. # 31 at 12. On the other hand, UNFI has not alleged any hardship it might suffer if this litigation (the one it commenced) continues.

ORDER – 4

In sum, this Court finds that a stay of proceedings is neither necessary nor appropriate.

### IV.  CONCLUSION

For the above reasons, Plaintiff UNFI's motion is **DENIED**.  Dkt. # 24.

DATED this 21st day of July, 2020.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 5