THE HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

14

15

16 | UNITED NATURAL FOODS,
INCORPORATED,

17              Plaintiff,                    Case No.  2:19-cv-01736-RAJ

18       v.                                   ORDER

19 | INTERNATIONAL BROTHERHOOD OF
20 | TEAMSTERS, LOCAL 117 & LOCAL
313,

21
              Defendants.
22

**I.   INTRODUCTION**

23
       This matter comes before the Court on the parties' Joint Status Report, Dkt. # 55,

24
Plaintiff's Supplement to Joint Status Report and Motion to Reinstate Stay, Dkt. # 59,

25
and the parties' Joint Motion for Ruling on Plaintiff's Motion to Reinstate Stay, and for

26
Approval of Briefing Schedule on Cross-Motions for Summary Judgment, Dkt. # 61.

27

28
ORDER – 1

1    Having reviewed the briefing, remainder of the record, and applicable law, the Court

2    **DENIES** Plaintiff's motion to reinstate a stay and **GRANTS** the parties' proposed

3    briefing schedule.

4                    **II.    BACKGROUND**

5         On October 28, 2019, Plaintiff United Natural Foods, Incorporated ("UNFI") filed

6    an action in this Court against Defendant International Brotherhood of Teamsters Local

7    117 and Local 313 (collectively, the "Unions") to vacate an arbitration award ("Award")

8    granted to the Unions weeks earlier.  Dkt. # 1.  That same day, UNFI also filed an unfair

9    labor practice charge with the National Labor Relations Board ("NLRB"), alleging that

10   the Award violates the National Labor Relations Act ("NLRA").  Dkt. # 8.  The Unions

11   denied the allegations and counterclaimed under the Labor Management Relations Act

12   ("LMRA"), seeking to confirm and enforce the Award and obtain relief from UNFI's

13   alleged breach of certain collective bargaining agreements.  Dkt. # 28 at 2.

14        On January 24, 2020, UNFI filed a motion for temporary stay pending resolution

15   of the NLRB charge.  Dkt. # 24.  The Court denied the motion.  Dkt. # 36.  UNFI filed a

16   motion for reconsideration after the NLRB issued a Consolidated Complaint against the

17   Unions alleging violations of NLRA Sections 8(b)(1)(A), 8(b)(2) and 8(b)(3) related to

18   the conduct at issue before the Court.  Dkt. # 38 at 4.  In light of this information, the

19   Court granted Plaintiff's motion for reconsideration and ordered a stay pending NLRB

20   resolution of the representation matters at issue.  Dkt. # 53.  The Court also struck the

21   parties' motions for summary judgment, noting that parties may refile such motions upon

22   conclusion of the NLRB proceeding.  *Id.* at 3.  Finally, the Court ordered the parties to

23   file a joint status report no later than May 19, 2021 regarding the status of the NLRB

24   proceeding and whether the stay should remain in effect.  *Id.*

25        On May 19, 2021, the NLRB filed a status report with the Court.  Dkt. # 54.  The

26   NLRB informed the Court that the Regional Director of NLRB Region 19 in Seattle,

27   acting at the direction of the Acting General Counsel ("AGC"), had severed the case

28   ORDER – 2

1

2

3

involving the complaint against the Unions, withdrawn the complaint, and dismissed the charge. *See* Dkt. # 54 at 1.  In a February 24, 2021 order withdrawing the complaint, the NLRB Regional Director stated the following:

4

5

6

7

8

9

> Since the issuance of the Consolidated Complaint, President Biden removed former General Counsel Peter Robb, under whose authority I issued the Consolidated Complaint.  Thereafter, on January 25, 2021, President Biden designated Peter Sung Ohr as Acting General Counsel. Having had the opportunity to review the allegations in the Consolidated Complaint, as well as having afforded the Division of Advice and Region 19 a chance to re-examine the allegations, the Acting General Counsel, pursuant to his prosecutorial discretion, does not wish to continue the prosecution of Case 19-CB- 250856.

10

11

12

Dkt. # 54-1 at 2.  The NLRB further informed the Court that UNFI had filed an administrative appeal challenging the dismissal, which had not yet been ruled upon.  Dkt. # 54.

13

14

15

16

17

18

19

20

21

22

On the same day, the parties submitted a joint status report indicating the same. Dkt. # 55 at 1.  They also informed the Court that on March 9, 2021, UNFI filed a request for special permission to appeal the withdrawal of the complaint and dismissal of the charge against the Unions.  *Id.* at 2.  UNFI challenged the validity of the AGC's actions based on the removal of and replacement of former General Counsel Robb.  *Id.* at 3.  On March 20, 2021, UNFI filed an appeal to the NLRB Office of Appeals and to the AGC challenging the Regional Director's February 24, 2021 order.  *Id.*  Less than two months later, on May 11, 2021, the NLRB denied UNFI's request for special permission to appeal the Regional Director's February 24, 2021 order withdrawing the complaint against the Unions.  *Id.* at 3.

23

24

25

26

27

Based on this activity, the parties disagreed as to whether the stay on this case should be lifted.  *Id.* at 4.  The Unions argue that the stay should be lifted because the NLRB proceedings have concluded.  *Id.*  They point to the Regional Director's February 24, 2021 order and the NLRB's May 11, 2021 order to argue that the proceedings have been fully resolved and the reasons supporting a stay are now moot.  *Id.* at 4-5.  UNFI, on

28

ORDER – 3

1    the other hand, argues that the stay should remain in place until there is resolution of

2    UNFI's May 20, 2021 appeal to the NLRB AGC and UNFI's forthcoming appeal of the

3    May 11, 2021 order to the Court of Appeals. *Id.* at 5-6.

4         On June 22, 22021, the AGC denied UNFI's appeal of the Regional Director's

5    February 24, 2021 Order withdrawing the complaint against the Unions. Dkt. # 56. The

6    NLRB confirmed that the unfair labor practice charge against the Unions "was properly

7    dismissed" and the NLRB's "interest as *amicus curiae* in the case before this Court has

8    been extinguished." Dkt. 57 at 2. On June 30, 2021, the Court lifted the stay on

9    litigation and granted leave for the parties to re-file their cross-motions for summary

10   judgment. Dkt. # 58.

11        A week after the stay was lifted, UNFI filed a Supplement to Joint Status Report

12   and Motion to Reinstate Stay advising the Court that, on July 2, 2021, UNFI submitted a

13   petition for review of the NLRB's May 11, 2021 Order with the Fifth Circuit Court of

14   Appeals. Dkt. # 59. The parties have since filed a joint motion requesting (1) that the

15   Court rule on Plaintiff's motion to reinstate a stay before the parties file cross-motions for

16   summary judgment and (2) for approval of a briefing schedule on cross-motions for

17   summary judgment. Dkt. # 61. Under the parties' proposed briefing schedule, the parties

18   would file their cross-motions for summary judgment on August 13, 2021, opposition

19   briefs on August 30, 2021, and reply briefs by September 8, 2021. *Id.* at 3.

20                            **III.   DISCUSSION**

21        The Court interprets UNFI's motion to reinstate a stay as a motion for

22   reconsideration of the Court's decision to lift the stay. Motions for reconsideration are

23   disfavored and will be granted only upon a "showing of manifest error in the prior ruling"

24   or "new facts or legal authority which could not have been brought to [the court's]

25   attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(l). The

26   Court finds that no manifest error, additional facts, or legal authority have been presented

27   to warrant reconsideration. Indeed, the only "new" fact presented in support of UNFI's

28   ORDER – 4

1   motion to reinstate after the Court had lifted the stay is that UNFI filed a petition for

2   review.  However, UNFI had already informed that Court that it was planning to file such

3   a review and the Court nonetheless lifted the stay.  The Court finds no additional

4   information to warrant a reconsideration of its decision.

5        Even if the Court were to consider the motion to stay pursuant to a lower bar than

6   that required for a motion for reconsideration, the motion still fails.  As this Court has

7   previously noted, it has authority to hear "[s]uits for violation of contracts between an

8   employer and a labor organization representing employees" based on Section 301 of the

9   Labor Management Relations Act. 29 U.S.C. § 185(a).  The NLRB has "primary

10  jurisdiction . . . only [in] cases involving representational issues." *Cent. Valley*

11  *Typographical Union No. 46 v. McClatchy Newspapers*, 762 F.2d 741, 747 (9th Cir.

12  1985), *abrogated on other grounds*.  The NLRB "has no jurisdiction to consider cases

13  arising from the breach of a current collective bargaining agreement." *La Mirada*

14  *Trucking, Inc. v. Teamsters Local Union 166, Int'l Bhd. of Teamsters, Chauffeurs,*

15  *Warehousemen & Helpers of Am.*, 538 F.2d 286, 288 (9th Cir. 1976).  "When a labor

16  dispute involves both a breach of contract and an unfair labor practice charge, the NLRB

17  and the courts have concurrent jurisdiction." *Sheet Metal Workers Int'l Ass'n, Local No.*

18  *162 v. Jason Mfg., Inc.*, 900 F.2d 1392, 1400 (9th Cir. 1990).

19       The NLRB's withdrawal of the complaint and dismissal of the unfair practice

20  charge against the Unions—which was upheld upon appeal—places this dispute fully

21  within the primary jurisdiction this Court as a contractual dispute.  The stay had been

22  granted initially based on the fact that (1) the NLRB issued a complaint against the

23  Unions and (2) an evidentiary hearing before an administrative law judge had been

24  scheduled.  Dkt. # 53 at 2.  The complaint has now been withdrawn and the evidentiary

25  hearing rendered unnecessary.  UNFI's appeal of the order withdrawing the complaint

26  has been denied.  Absent an NLRB complaint and charge of unfair labor practice against

27  the Unions, the Court's original justification for granting the stay has been eliminated.

28  ORDER – 5

1    Whether the complaint was decided on the merits is irrelevant to this Court's

2    consideration of a stay.

3          UNFI's contention that a stay is nonetheless warranted based on its appeal to the

4    Fifth Circuit Court of Appeals is unpersuasive.  Even if the Fifth Circuit Court of Appeals

5    were to overturn the NLRB Regional Director's order and remand to the NLRB for

6    further consideration, this Court would still have concurrent jurisdiction.  The concern of

7    conflicting outcomes is no longer a significant barrier at this point because the Fifth

8    Circuit will not be ruling on any representational matters at issue here.

9          Instead, in considering whether a stay is appropriate when there is such concurrent

10   jurisdiction, the Court must consider equitable principles.  *See McClatchy*, 762 F.2d at

11   748.  The Court finds that the likelihood of conflicting outcomes does not outweigh the

12   equities here.  UNFI initiated this action against the Unions over a year and a half ago to

13   vacate an arbitration award to Union members.  While some of the Union members

14   experiencing financial hardship were provided financial assistance through a hardship

15   fund created by Teamsters Local 117, the fund was depleted in December 2020.  Dkt.

16   # 65 ¶ 4.  The majority of Union members seeking financial assistance through the fund

17   indicated that they were unemployed.  *Id.* ¶ 5.  The resolution of this matter is critical to

18   covered employees whose livelihood or employment decisions are affected by this

19   Court's ruling.  Dkt. # 64 at 11.  UNFI, on the other hand, has not alleged any hardship it

20   might suffer if the matter proceeds before this Court.  The Court, therefore, finds no

21   reason to further delay adjudication of this matter on the merits.

22                                  **IV.    CONCLUSION**

23         For the above reasons, the Court **DENIES** Plaintiff's Motion to Reinstate Stay,

24   Dkt. ## 55, 59, and **GRANTS** the parties' proposed briefing schedule.  Dkt. # 61.  The

25   parties are **ORDERED** to submit briefing for summary judgment as follows:

26         1. Cross-motions for summary judgment and supporting briefs are due no later

27            than August 13, 2021;

28   ORDER – 6

1     2. Opposition briefs are due no later than August 30, 2021; and

2     3. Reply brief are due no later than September 8, 2021.

3

4     DATED this 27th day of July, 2021.

5

6

7     The Honorable Richard A. Jones

8     United States District Judge

ORDER – 7